UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRANDON PRICE and CHARLES ADAMS, on behalf of themselves and others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>TEKsystems, INC.; and DOES 1 through 500,<br><br>　　　　Defendants. | Case No. C 06 04990 PJH<br><br>**[SECOND AMENDED ~~PROPOSED~~] ORDER (1) PROVISIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS SETTLEMENT, (3) DIRECTING DISTRIBUTION OF NOTICE OF SETTLEMENT, AND (4) SETTING A HEARING FOR FINAL APPROVAL**<br><br>Date:　March 12, 2008<br>Time:　9:00 a.m.<br>Place:　Courtroom 3<br>Judge: Hon. Phyllis J. Hamilton |

The stipulation of the parties and the motion seeking preliminary approval of a class action settlement came before this Court, the Honorable Phyllis J. Hamilton presiding. The Court, having considered the papers submitted in support of the motion, **HEREBY ORDERS THE FOLLOWING:**

　　　1.　　To the extent defined in the Joint Stipulation of Settlement and Release ("Stipulation of Settlement") filed in this action on February 4, 2008 and incorporated by reference, the terms in this Order shall have the meanings set forth therein.

[Proposed] Order Granting Motion for Preliminary Approval / Case No. C 06 04990 PJH

2. The Court grants preliminary approval of the settlement and Settlement Class, based upon the terms set forth in the Stipulation of Settlement. For purposes of preliminary approval, the settlement appears to be fair, adequate, and reasonable to the Settlement Class. The settlement falls within the range of reasonableness and appears to be presumptively valid, subject to any objections that may be raised at the final approval hearing.

3. The Court approves, as to form and content, the Notice of Settlement of Class Action Lawsuit and Opportunity to Opt Out or Object to Settlement ("Notice of Settlement") attached hereto as Exhibit A, and the Computation of Settlement Share Form attached hereto as Exhibit B.

4. The Court directs the mailing of the Notice of Settlement and the Computation of Settlement Share Form by first class mail to the Settlement Class in accordance with the schedule set forth below. The Court finds the notice given to the class fully and accurately informs all persons in the Settlement Class of all material elements of the proposed settlement. The Court finds that the dates selected for the mailing and distribution of the Notice of Settlement and the Computation of Settlement Share Form, as set forth in Paragraph 12 hereof, meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

5. The Settlement Class is preliminarily certified as a California class action for settlement purposes only.

6. Jared E. Peterson of the Law Offices of Jared E. Peterson, and James B. Nebel of the law offices of Flynn, Delich & Wise LLP, are appointed as Class Counsel.

7. Brandon Price and Charles Adams are appointed as Class Representatives.

8. The costs of administration payable to the Claims Administration not to exceed $40,000.00, are preliminarily approved.

9. Rust Consulting, Inc. is confirmed as the Claims Administrator.

10. The Court approves the exclusion or opt-out procedure set forth in the Stipulation of Settlement. Any member of the Settlement Class who does not properly and timely opt-out or

1  request exclusion from the Settlement Class shall be bound by the judgment entered in the
2  action.

3      11.    The Court approves the challenge process and the procedure for resolving such
4  challenges, as set forth in the Stipulation of Settlement.

5      12.    The following schedule of dates is scheduled for further proceedings:

    a.    Defendant provides Claims Administrator with all relevant class member information, including the number of work weeks worked during the Class Period: March 22, 2008;

    b.    Claims Administrator sends Notice of Settlement and the Computation of Settlement Share Form to the Settlement Class: April 1, 2008;

    c.    Settlement Class members' deadline to submit written challenge to total points set forth in the Computation of Settlement Share Form: May 16, 2008;

    d.    Settlement Class members' deadline to postmark opt-out, or object to settlement: May 23, 2008;

    e.    Filing date for moving and supporting papers regarding final approval and for Class Counsel's moving and supporting papers relating to their request for enhancement awards for the class representatives and their attorneys' fees and expenses: May 30, 2008;

    f.    Claims Administrator's deadline to provide counsel with list of all payments to be made the Settlement Class, the class members who opted out, and the class members whose notices were returned undeliverable: June 9, 2008;

    g.    Class Counsel's deadline to provide Court with declaration from Claims Administrator of due diligence and proof of mailing of class notice: June 13, 2008;

    h.    Deadline for Settlement Class members who opt-out or exclude oneself from the settlement to rescind their opt-out or exclusion: June 13, 2008;

        i.      Settlement Class members' deadline to rescind objections to the settlement: June 16, 2008;

        j.      Final approval hearing: June 25, 2008, at 9:00 a.m.

13.    The Court reserves exclusive and continuing jurisdiction over the subject matter of this action for purposes of supervising the implementation, enforcement, construction, and interpretation of the Stipulation of Settlement and this preliminary approval Order.

Dated: March 19, 2008



_____
Hon. Phyllis J. Hamilton

EXHIBIT "A"

UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

------------------------------------X
:
BRANDON PRICE and CHARLES ADAMS, on : Case No. C 06 4990 PJH
behalf of themselves and others similarly situated, :
: **NOTICE OF SETTLEMENT OF**
Plaintiffs, : **CLASS ACTION LAWSUIT AND**
: **OPPORTUNITY TO OPT OUT**
v. : **OR OBJECT TO SETTLEMENT**
:
TEKsystems, INC.; and DOES 1 through 500, :
:
Defendants. :
:
------------------------------------X

TO:  ALL PERSONS WHO HAVE WORKED OR CONTINUE TO WORK FOR TEKSYSTEMS, INC. IN CALIFORNIA AS A NON-EXEMPT CELL SITE WORKER FROM JULY 18, 2002 THROUGH DECEMBER 31, 2007

**PLEASE READ THIS NOTICE CAREFULLY. IT MAY AFFECT YOUR LEGAL RIGHTS. YOU MAY BE ENTITLED TO MONEY FROM THIS SETTLEMENT.**

Based on information in TEKsystems, Inc.'s ("TEKsystems") records, you may be a class member who is entitled to receive money under the proposed settlement. Plaintiffs and TEKsystems encourage all class members to participate in this settlement. TEKsystems will not retaliate in any way against current or former TEKsystems workers who claim their share of this $1,900,000.00 settlement. Participation does not change the settlement amount that TEKsystems will pay, because TEKsystems will pay the fixed amount of $1,900,000.00 regardless of the number of current and former TEKsystems workers who participate.

### IMPORTANT DEADLINES:

- Last day to "opt out" of the settlement class: May 23, 2008 (postmarked, or received if sent other than by mail)

- Last day to object to the settlement: May 23, 2008 (postmarked, or received if sent other than by mail)

- Last day to challenge employment dates: May 16, 2008 (postmarked, or received if sent other than by mail)

### INTRODUCTION

A proposed settlement of the class action claims for unpaid wages, overtime compensation, and penalties raised in the above class action has been reached by the parties in this case and granted preliminary approval by the United States District Court for the Northern District of California.

This Notice informs you about the terms of that settlement and about your rights and options under the settlement.

The proposed settlement will resolve all claims for unpaid overtime, unpaid or untaken meal and rest periods, unpaid travel time, unpaid waiting and unrecorded time, unpaid off-the-clock time, failure to maintain and furnish employees with proper wage records, failure to timely pay all wages due upon discharge, and unfair competition that were made in this lawsuit. A hearing will be held on June 25, 2008, at 9:00 a.m., before the Honorable Phyllis J. Hamilton, United States District Judge of the United States District Court for the Northern District of California, in Courtroom 3, of the United States District Courthouse, 450 Golden Gate Avenue, San Francisco, California, to address whether a proposed settlement of the claims against defendant TEKsystems is fair and reasonable and should be approved. You should read this Notice very carefully because your rights may be affected by the settlement.

**If you do not choose to opt-out of the Settlement Class, you will be bound by the terms of this settlement.**

## WHAT IS A CLASS ACTION?

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. One or more representative plaintiffs, also known as "class representatives," file a lawsuit asserting claims on behalf of the entire class.

## WHAT IS THE PURPOSE OF THIS NOTICE?

Judge Phyllis J. Hamilton, United States District Judge of the United States District Court for the Northern District of California, has ordered that this Notice be sent to you because you may be a class member. This Notice is to inform you about

- Your right to receive a share of the settlement funds;

- That, if you do not "opt-out" of the settlement class, you will be bound by the terms of the settlement agreement and release your right to sue TEKsystems for unpaid wages, overtime compensation, and penalties during the time you were a class member;

- Your right to "opt-out" of the settlement class, and not be bound by the Court's judgment in this matter and the terms of the settlement agreement;

- Your right to file an objection to the settlement.

## WHAT IS THIS CASE ABOUT?

Two former employees of TEKsystems brought this lawsuit, claiming that TEKsystems violated California wage and hour law concerning certain TEKsystems cell site employees working in the telecommunications industry. The complaint encompasses employees working in California only. The complaint sets forth claims for unpaid overtime under the California state wage and hour laws (over 8 hours per day and/or over 40 hours per week); unpaid or untaken meal and rest periods; unpaid travel time; unpaid waiting and unrecorded time; unpaid off-the-clock time;

failure to maintain and furnish employees with proper wage records; and failure to timely pay all wages due upon discharge. Plaintiffs also allege that TEKsystems engages in an unfair business practice violating California Business and Professions Code Section 17200, a law prohibiting businesses from engaging in unfair competition. TEKsystems denies all of plaintiffs' claims and has raised various factual and legal defenses to those claims, and has agreed to the settlement without any admission of wrongdoing.

### WHAT ARE THE TERMS OF THE SETTLEMENT AGREEMENT?

The parties have agreed to settle this matter for the gross sum of one million, nine hundred thousand dollars ($1,900,000.00). This $1,900,000 amount includes any court-approved enhancement payments to the named plaintiffs, attorneys' fees and expenses, and costs of claims administration. In addition, TEKsystems will separately pay its share of the payroll taxes (e.g., FICA) required by law to be paid by the employer to any federal, state or local tax authority.

**Monetary Payment**

If this settlement is given final approval by the Court, the settlement will result in a payment by TEKsystems of one million, nine hundred thousand dollars ($1,900,000.00), plus its share of the employer share of payroll taxes required by law to be paid by the employer to any federal, state or local tax authority. If the Court also approves the payments set forth below, the following expenses will be deducted from $1,900,000.00 prior to distribution of the settlement funds to the class members:

- Payment to the two named Class Representatives: If the Court approves such payment, Class Representative Plaintiffs will each receive an amount up to, but not to exceed, $25,000.00. This payment is made because Class Representatives provided many hours of service to the class by helping Class Counsel to formulate claims and by providing documents to support the case.

- Attorneys' Fees: Class Counsel will apply to the Court for attorneys' fees in the amount up to, but not to exceed, 30% of the total class recovery, which amounts to a maximum award of $570,000.00. This amount will be requested given the hundreds of hours Class Counsel spent in pursuing this case on behalf of the class members, given the risks that Class Counsel took that no fees would be recovered, and given the result achieved for the class members. Class Counsel will also seek reimbursement in expenses they incurred out of pocket not to exceed $12,000.00.

- Claims administration fees: If the Court approves such payment, an amount approximately $40,000.00 will be used to administer the settlement. This is an estimate of the claims administration fees; the amount could be lower or higher subject to Court approval. These fees will pay for mailing, processing and hearing challenges to the employment information provided by TEKsystems in this Notice, and providing information to the class members.

If the Court approves these payments, after these deductions, the remaining approximately $1,228,000.00 in settlement funds (the "Net Settlement Fund") will be distributed according to the method set forth in the "How Will My Share Be Calculated If I Participate" section, below.

### Dismissal of Case and Release of Claims

In exchange for the payment set forth above, this action will be dismissed with prejudice, and the class members who worked in California at any time from July 18, 2002 through December 31, 2007, who received notice of the settlement and who did not opt out of participation in the settlement, will fully release and discharge TEKsystems from any claims for unpaid wages, unpaid overtime, unpaid travel time, unpaid waiting and unrecorded time, unpaid off-the-clock work, failure to provide meal and rest periods, failure to maintain and furnish employees with proper wage records, failure to timely pay all wages due upon discharge, and unfair competition that were asserted in this lawsuit under the California Labor Code, the wage orders of the California Industrial Welfare Commission, and the California Unfair Competition Law.

In addition, any class members who were supplied by TEKsystems to EXI Parsons Telecom, Inc. and/or Telecom Network Specialists, Inc., who worked in California as a cell site worker at any time from July 18, 2002 through December 31, 2007, who received notice of the settlement and who did not opt out of participation in the settlement, will fully release and discharge EXI Parsons Telecom, Inc. and/or Telecom Network Specialists, Inc. from the wage and hour claims to the same extent as this release operates to effect the full release and discharge of TEKsystems.

The exact terms of the Release read:

UPON THE FINAL APPROVAL BY THE COURT OF THIS STIPULATION OF SETTLEMENT, AND EXCEPT AS TO SUCH RIGHTS OR CLAIMS AS MAY BE CREATED BY THIS STIPULATION OF SETTLEMENT, THE SETTLEMENT CLASS AND EACH MEMBER THEREOF, FULLY RELEASE AND DISCHARGE DEFENDANT TEKSYSTEMS AND ITS PREDECESSORS, SUCCESSORS AND ASSIGNS, FROM THE WAGE AND HOUR CLAIMS STEMMING FROM THEIR WORK AS CELL SITE WORKERS IN CALIFORNIA DURING THE CLASS PERIOD, WHETHER OR NOT SUCH CLAIMS ARE IN THE NATURE OF CLAIMS FOR DAMAGES, UNPAID WAGES, PER DIEM PAY, UNPAID OVERTIME, MISSED MEAL AND REST PERIOD WAGES, UNPAID WAGES FOR TRAVEL TIME, UNPAID WAGES FOR WAITING TIME AND UNRECORDED TIME, UNPAID WAGES FOR OFF-THE-CLOCK WORK, WAGE RECORDS AND RECORD KEEPING PENALTIES, WAITING TIME PENALTIES, UNFAIR COMPETITION, INTEREST AND OTHER CIVIL PENALTIES, UNDER THE CALIFORNIA LABOR CODE, THE WAGE ORDERS OF THE CALIFORNIA INDUSTRIAL WELFARE COMMISSION, AND CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ., AS ALLEGED IN THE COMPLAINT FILED IN THE ACTION.

THOSE SETTLEMENT CLASS MEMBERS WHO WERE SUPPLIED BY TEKSYSTEMS TO EXI PARSONS TELECOM, INC. ALSO FULLY RELEASE AND DISCHARGE EXI PARSONS TELECOM, INC. AND ITS PREDECESSORS, SUCCESSORS AND ASSIGNS TO THE SAME EXTENT AS THIS RELEASE OPERATES TO EFFECT THE FULL RELEASE AND DISCHARGE OF TEKSYSTEMS, INCLUDING, BUT NOT LIMITED TO, THE CLAIMS ENCOMPASSED BY THE CLASS ACTION FILED BY BRANDON PRICE AGAINST EXI PARSONS TELECOM, INC., IN THE LOS ANGELES COUNTY SUPERIOR COURT CASE NO. BC 351252, AND THE SUBSEQUENT CROSS-COMPLAINT FILED AGAINST TEKSYSTEMS BY EXI PARSONS TELECOM, INC. IN THAT SAME MATTER.

THOSE SETTLEMENT CLASS MEMBERS WHO WERE SUPPLIED BY TEKSYSTEMS TO TELECOM NETWORK SPECIALISTS, INC. ALSO FULLY RELEASE AND DISCHARGE TELECOM NETWORK SPECIALISTS, INC. AND ITS PREDECESSORS, SUCCESSORS AND ASSIGNS TO THE SAME EXTENT AS THIS RELEASE OPERATES TO EFFECT THE FULL RELEASE AND DISCHARGE OF TEKSYSTEMS, INCLUDING, BUT NOT LIMITED TO, THE CLAIMS ENCOMPASSED BY THE CLASS ACTION FILED BY LORENZO BENTON AGAINST TELECOM NETWORK SPECIALISTS, INC., IN THE LOS ANGELES COUNTY SUPERIOR COURT CASE NO. BC 354230, AND THE SUBSEQUENT CROSS-COMPLAINT FILED AGAINST TEKSYSTEMS BY TELECOM NETWORK SPECILAISTS, INC. IN THAT SAME MATTER.

THIS RELEASE EXCLUDES ANY CLAIMS THE CLASS REPRESENTATIVES AND THE SETTLEMENT CLASS MAY HAVE (A) FOR VESTED BENEFITS PURSUANT TO THE TERMS OF DEFENDANT'S EMPLOYEE BENEFIT PLANS, IN ACCORDANCE WITH THE TERMS OF SUCH PLANS AND APPLICABLE LAW; AND (B) UNDER THE CALIFORNIA WORKERS' COMPENSATION AND INSURANCE ACT. NOTHING IN THIS STIPULATION OF SETTLEMENT SHALL BE CONSTRUED TO BAR ANY CLAIMS BY THE SETTLEMENT CLASS MEMBERS THAT MAY ARISE AFTER THE CLASS PERIOD.

THE CLASS REPRESENTATIVES AND SETTLEMENT CLASS WAIVE ALL RIGHTS AND BENEFITS AFFORDED BY CALIFORNIA CIVIL CODE § 1542 WITH RESPECT TO THE CLAIMS RELEASED UNDER PARAGRAPH 53, AND DO SO UNDERSTANDING THE SIGNIFICANCE OF THAT WAIVER. SECTION 1542 PROVIDES:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

When the claims for unpaid wages, unpaid overtime, unpaid travel time, unpaid waiting and unrecorded time, unpaid off-the-clock work, failure to accord meal and rest period breaks, failure to maintain and furnish employees with proper wage records, failure to timely pay all wages due upon discharge, and unfair competition, are dismissed with prejudice, that means the Court will not consider the claims any further; the case is over. When claims are released, that means that no one covered by the release can sue TEKsystems over those claims.

## ARE YOU A CLASS MEMBER FOR PURPOSES OF THE SETTLEMENT?

You are a class member if you meet all of the following criteria:

1. You are or were employed by TEKsystems as a non-exempt cell site worker;

2. You worked at any time during the period from July 18, 2002 through December 31, 2007; and

3. You worked in California.

5

## WHAT ARE YOUR OPTIONS?

You have several choices of what to do from here. In order to protect your rights, it is very important that you read this section carefully.

    1.    **Participating in the Settlement:**

To receive money from this settlement, you do not need to do anything. You will automatically be included as a class member in the case.

    2.    **Excluding Yourself from the Settlement Class:**

If you do not want to be a member of the settlement class or participate in the settlement and you want the right to pursue your own lawsuit, you must opt out of the settlement by May 23, 2008. If you do not opt out, you will be bound by the terms of this settlement, regardless of whether you return the Computation of Settlement Share Form, or receive money. To opt out you must send a letter, postmarked no later than May 23, 2008, with your name, social security number, and the period for which you worked for TEKsystems to:

> Claims Administrator:
>
> Rust Consulting, Inc.
> 625 Marquette Avenue, Suite 880
> Minneapolis, MN 55402
> Toll-free: 800-999-7940

    3.    **Objecting to the Settlement:**

If you wish to comment on, or object to, the proposed settlement, the proposed plan of distribution, or the application for attorneys' fees and costs, you may do so. Written comments or objections must be postmarked by May 23, 2008, and sent to:

> To Class Counsel:
>
> James B. Nebel
> FLYNN, DELICH & WISE LLP
> One California Street, Suite 350
> San Francisco, California 94111
>
> Jared E. Peterson
> LAW OFFICES OF JARED E. PETERSON
> 2017 Lincoln Street
> Berkeley, California 94709

> To Defense Counsel:
>
> Keith Chrestionson
> KAUFF McCLAIN & McGUIRE LLP
> One Post Street, Suite 2600
> San Francisco, California 94104

You are not required to submit a comment or objection. In any event, **DO NOT TELEPHONE THE COURT.**

    4.    **Challenging the Employment Dates on the Computation of Settlement Share Form:**

If you believe in good faith that the number of weeks you worked for TEKsystems as a cell site worker in California during the period from July 18, 2002 through December 31, 2007, as shown on the Computation of Settlement Share Form, is incorrect, you may challenge the number. To file a challenge, you must complete the attached Computation of Settlement Share Form following the instructions on the Form, sign the Computation of Settlement Share Form under penalty of perjury, and return it to the Price v. TEKsystems Claims Administrator, c/o Rust Consulting, Inc., 625 Marquette Avenue, Suite 880, Minneapolis, MN 55402, so that it is **postmarked by May 16, 2008.** If you submit a timely challenge, the Claims Administrator will investigate and determine the number of weeks to be used in computing your settlement share. As a result of this process, your share of the Settlement Amount may be increased or decreased from the amount stated on the original Computation of Settlement Share Form. The decision of the Claims Administrator will be final and will not be subject to appeal.

## HOW WILL MY SHARE BE CALCULATED IF I PARTICIPATE?

The attached Computation of Settlement Share Form sets forth the weeks you worked as a cell site worker in California during the period from July 18, 2002 through December 31, 2007 based on TEKsystems' records and estimates of your share of the settlement based on a 100% participation rate. **You do not need to do anything to receive money from this settlement.** Unless you elect to opt out, a check for your share of the Settlement Amount will be mailed to you after the Court grants final approval of the settlement.

The amount you will receive from the settlement is based on the number of weeks you worked. Each class member will receive one point for each workweek that he/she recorded any direct time while working as a cell site worker in California during the period July 18, 2002 through December 31, 2007. One point is accorded for each workweek that you worked.

To calculate your share of the settlement funds, the Claims Administrator will divide your points by the aggregate total points of all class members, and multiply that number by the net settlement fund.

## WHEN WILL I RECEIVE MY SETTLEMENT CHECK?

Your settlement check will be mailed to you by the Claims Administrator within thirty (30) days after final approval by the Court of the settlement, if you have not opted out of the settlement.

Class members will have one hundred twenty (120) calendar days after mailing by the Claims Administrator to cash their settlement checks. If you do not cash your settlement check within the 120 day period, your settlement check will be void and a stop-payment will be placed. In such event, you will be deemed to have waived irrevocably any right in or claim to a settlement share, and this agreement nevertheless will be binding upon you. The amount remaining uncashed as a result of your failure to cash your settlement check, minus any costs associated with administering this amount, will be distributed on a pro rata basis to those class members who cashed or deposited their settlement checks within the 120 day period.

## ATTORNEYS' FEES AND COSTS

As their fee for services rendered on behalf of the class members, Class Counsel will ask the Court to award as attorneys' fees a total of up to 30% from the settlement fund (i.e., $570,000.00). In addition to attorneys' fees, Class Counsel will seek reimbursement of litigation costs and expenses that they have incurred since the beginning of this litigation, in the amount of approximately $12,000.00. The amount of any award of attorneys' fees and costs will be considered and must be approved by the Court. In prosecuting this case on behalf of class members, Class Counsel spent hundreds of hours investigating the case, reviewing thousands of pages of TEKsystems documents, reviewing damages information, interviewing class members, and participating in an impartial mediation. Under the common fund doctrine, Class Counsel will therefore apply for an amount up to 30% of the money recovered on behalf of the class. Class members will not be required to pay Class Counsel for any other attorneys' fees, costs or expenses out of their own pockets if the settlement agreement and the attorneys' fee and costs requests are approved by the Court.

## HEARING REGARDING THE SETTLEMENT

On June 25, 2008, at 9:00 a.m., or as soon thereafter as practicable, the Honorable Judge Phyllis J. Hamilton, United States District Judge of the United States District Court for the Northern District of California, will hold a hearing in Courtroom 3 of the United States District Courthouse, located at 450 Golden Gate Avenue, San Francisco, California, to determine whether the proposed settlement is fair, reasonable, and adequate and should be approved. The Court also will consider Class Counsel's application for fees and costs. The time and date of this hearing may be continued or adjourned, so please contact Class Counsel prior to the date of the hearing if you plan to attend.

Any class member (or the attorney for any class member) may appear at the hearing to comment on or object to the settlement, or to enter an appearance for any other reason.

## EXAMINATION OF PLEADINGS AND PAPERS / ADDITIONAL INFORMATION

This Notice does not contain all of the terms of the proposed settlement or all of the details of these proceedings. For more detailed information, you may refer to the underlying

documents and papers on file with the Court. This file may be inspected during the hours of each Court business day at the Office of the Clerk of the Court, United States District Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102.

If you have questions about this Notice, or want additional information, you can contact the Claims Administrator at Rust Consulting, Inc., 625 Marquette Avenue, Suite 880, Minneapolis, MN 55402, Toll-free: 800-999-7940. Again, the important deadlines are:

**Last day to "opt out" of the settlement class:  May 23, 2008**

**Last day to object to the settlement:  May 23, 2008**

**Last day to challenge employment dates:  May 16, 2008**

Dated: March 19, 2008

_____
The Honorable Phyllis J. Hamilton
United States District Judge

IT IS SO ORDERED
Judge Phyllis J. Hamilton

9

# EXHIBIT "B"

**Price, et al. v. TEKsystems, Inc., *et al.***
Claims Administration Center
c/o Rust Consulting, Inc.
625 Marquette Avenue, Suite 880
Minneapolis, MN 55402
Toll-free: 800-999-7940

COMPUTATION OF SETTLEMENT SHARE FORM

Claim Number: _____          Name/Address Changes, if any
Name: _____
Address: _____                _____
City, State Zip Code: _____   _____
( ___ ) _____                 ( ___ ) _____
Area Code    Home Telephone Number              Area Code    Home Telephone Number

PLEASE PRINT CLEARLY

Daytime Telephone Number: ( _____ ) _____ - _____

Social Security Number: _____

Your share of the settlement is based on the number of weeks you worked for TEKsystems, Inc. in California as a cell site worker at any time from July 18, 2002 through December 31, 2007. TEKsystems' records show that, within that period, you worked in California as a cell site worker for the following number of weeks: _____. Based on this information, your estimated share of the settlement, based on 100% class participation, is $ _____. Your final actual share may vary from this amount depending on the number of total weeks claimed and verified in the challenge resolution process. A check for your share of the settlement will be mailed to you after the Court grants final approval of the settlement unless you opt out of the settlement.

**If all of the information listed above is correct, and you wish to participate in the settlement, you do not need to do anything. A check for your share of the settlement will be mailed to you after the Court grants final approval of the settlement.**

If you have an address correction, please note it in the space provided above and return this Computation of Settlement Share Form to the Claims Administration Center at the address noted above. If making corrections, please also enter your daytime phone number and Social Security number in the spaces provided above.

If you do not agree with the number of weeks worked as stated above, you may challenge them by completing the following sentence:

> During the period from July 18, 2002 through December 31, 2007, I believe I worked the following weeks for TEKsystems as a cell site worker in California:
>
> Dates: _____ , _____ to _____ , _____ .
>        month, day   year      month, day   year
> Dates: _____ , _____ to _____ , _____ .
>        month, day   year      month, day   year
> Dates: _____ , _____ to _____ , _____ .
>        month, day   year      month, day   year

If you claim a different number of weeks worked as a cell site worker, you should include any documentary evidence you have that supports your claim (such as pay stubs or time sheets reflecting dates of employment during the period from July 18, 2002 through December 31, 2007).

> *NOTE: If you claim a different number of weeks worked as a cell site worker, you hereby authorize the Claims Administrator to review your TEKsystems records and make a determination based on your TEKsystems records regarding the number of weeks you worked.* ***This determination may increase or decrease the amount of your settlement share. All such determinations are final and binding with no opportunity for further appeal.***

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing information supplied by the undersigned is true and correct and that this Computation of Settlement Share Form was executed on

_____, _____, in _____, _____.
         month, day                  year                    city                    state

_____
                                 signature

**IF YOU HAVE CORRECTIONS OR IF YOU CHALLENGE THE NUMBER OF WEEKS WORKED, THIS COMPUTATION OF SETTLEMENT SHARE FORM MUST BE SIGNED AND RETURNED TO THE CLAIMS ADMINISTRATION CENTER AT THE ABOVE ADDRESS SO THAT IT IS POSTMARKED NO LATER THAN May 16, 2008.**