1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Jared E. Peterson (State Bar No. 49700)
LAW OFFICES OF JARED E. PETERSON
2017 Lincoln Street
Berkeley, California 94709
Telephone: (510) 841-4462
Facsimile: (510) 841-4464
Email: jaredep@pacbell.net

James B. Nebel (State Bar No. 69626)
FLYNN, DELICH & WISE LLP
One California Street, Suite 350
San Francisco, California 94111
Telephone: (415) 693-5566
Facsimile: (415) 693-0410
Email: jamesn@fdw-law.com

Attorneys for Plaintiffs
BRANDON PRICE and CHARLES ADAMS

<p style="text-align:left">(sidebar)<br>FLYNN, DELICH & WISE LLP<br>ATTORNEYS AT LAW<br>ONE CALIFORNIA STREET, SUITE 350<br>SAN FRANCISCO, CALIFORNIA 94111<br>(415) 693-5566</p>

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

BRANDON PRICE and CHARLES ADAMS,
on behalf of themselves and those similarly
situated,

        Plaintiffs,

    vs.

TEKsystems, INC.; et al.,

        Defendants.

Case No.:    C 06 04990 PJH

PLAINTIFFS' NOTICE OF MOTION AND
MOTION FOR ORDER: (1) FINALLY
CERTIFYING A SETTLEMENT CLASS;
(2) FINALLY APPROVING CLASS
ACTION SETTLEMENT AND PLAN OF
DISTRIBUTION; (3) APPROVING
ENHANCEMENT PAYMENT TO NAMED
PLAINTIFFS; (4) APPROVING THE
PAYMENT OF REASONABLE COSTS TO
THE CLAIMS ADMINISTRATOR; AND
(5) RESERVING JURISDICTION;
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

Date:  June 25, 2008
Time:  9:00 a.m.
Place:  Courtroom 3
Judge: Hon. Phyllis J. Hamilton

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT ............................................................................2

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................3

I.    Introduction.................................................................................... 3

II.   Terms Of The Settlement Agreement ................................................ 4

III.  The Notice Procedures Required By The Preliminary Approval
      Order Have Been Completed, The Results Of Which Indicate
      That The Class Members Overwhelmingly Support The Class Settlement ..................... 5

IV.   The Settlement, Which Was Preliminarily Approved
      By The Court And Overwhelmingly Approved By The
      Class, Is Fair, Adequate And Reasonable, And Should
      Be Finally Approved......................................................................... 7

      A.    The Court should finally certify the settlement class............................................. 8

      B.    Following well-established legal principles, the Court
            should grant final approval to the settlement ................................................. 9

            1.    Standard of review by the Court ................................................... 9

            2.    The settlement is presumed to be fair ..................................... 10

            3.    The value of the settlement favors final approval.................................... 11

            4.    The risks inherent in continued litigation against
                  defendant favor final approval ................................................. 12

            5.    The complexity, expense, and likely duration of
                  continued litigation against defendant favor
                  final approval ............................................................. 13

            6.    The experience and view of counsel favor final
                  approval................................................................. 14

      C.    The payment of $25,000.00 to each of the class
            representatives for their service to the class is fair
            and reasonable............................................................. 14

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE CALIFORNIA STREET, SUITE 350
SAN FRANCISCO, CALIFORNIA 94111
(415) 693-5566

D.     The Court should finally approve the payment of reasonable costs to the Claims Administrator ........................................................ 16

V.     Conclusion. ................................................................................................ 17

**FLYNN, DELICH & WISE LLP**
ATTORNEYS AT LAW
ONE CALIFORNIA STREET, SUITE 350
SAN FRANCISCO, CALIFORNIA 94111
(415) 693-5666

1

**TABLE OF AUTHORITIES**

2

3   Cases

4   *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) ..................................................8, 9

5   *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992)..............................10, 11

6   *Dunk v. Ford Motor Co.*, 48 Cal.App.4th 1794 (1996) .......................................................10

7   *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15 (N.D. Cal. 1980) .................................10

8   *Folsom v. Butte County Assn. of Governments,* 32 Cal.3d 668 (1982).............................18

9   *Glass v. UBS Financial Services, Inc.,* 2007 WL 221862 (N.D. Cal. 2007) ....................15

10  *Hanlon v. Chrysler Corp.,* 150 F.3d 1011 (9th Cir. 1998)...............8, 9, 10, 11, 12, 13, 14

11  *Huguley v. Gen. Motors Corp.,* 128 F.R.D. 81 (E.D. Mich. 1989)...................................14

12  *Ingram v. The Coca-Cola Co.,* 200 F.R.D. 685 (N.D. Ga. 2001) ......................................14

13  *Murphy v. Kenneth Cole Productions, Inc.,* 40 Cal.4th 1094 (April 16, 2007)...............13

14  *Officers for Justice v. Civil Serv. Comm'n. of the City and County of San Francisco,*

15      688 F.2d 615 (9th Cir. 1982).....................................................................................10, 14

16  *Staton v. Boeing Co.,* 327 F.3d 938 (9th Cir. 2003)..........................................................14

17  *Van Bronkhorst v. Safeco Corp.,* 529 F.2d 943 (9th Cir. 1976) .......................................14

18  *Van Vranken v. Atl. Richfield Co.,* 901 F.Supp. 294 (N.D. Cal. 1995)............................15

19  *White v. Starbucks,* 497 F. Supp.2d 1080 (N.D. Cal. 2007)……………………………….13

20

21  Statutes

22  Cal. Business & Professions Code § 17200.......................................................................3, 8

23  Cal. Labor Code § 226.7 .......................................................................................................13

24  Fed. Rule of Civ. Proc. § 23(a) ...............................................................................................9

25  Fed. Rule of Civ. Proc. § 23(a)(3) ..........................................................................................9

26  Fed. Rule of Civ. Proc. § 23(a)(4) ..........................................................................................8

27  Fed. Rule of Civ. Proc. § 23(b)(3) ..........................................................................................9

28  Fed. Rule of Civ. Proc. § 23(e) ......................................................................................3, 7, 9

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE CALIFORNIA STREET, SUITE 350
SAN FRANCISCO, CALIFORNIA 94111
(415) 693-5566

---

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER GRANTING FINAL APPROVAL OF CLASS
ACTION SETTLEMENT
*Price, et al. v. TEKsystems, Inc., et al.; Case No. C 06 04990 PJH*

iii

1

Other Authorities

2    *Manual for Complex Litigation* (4th Ed. 2004) ....................................................................9, 10, 12, 13

3    *Newberg on Class Actions* (4th Ed. 2002) ..........................................................................................10, 14

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE CALIFORNIA STREET, SUITE 350
SAN FRANCISCO, CALIFORNIA 94111
(415) 693-5566

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
*Price, et al. v. TEKsystems, Inc., et al.; Case No. C 06 04990 PJH*

**FLYNN, DELICH & WISE LLP**
ATTORNEYS AT LAW
ONE CALIFORNIA STREET, SUITE 350
SAN FRANCISCO, CALIFORNIA 94111
(415) 693-5566

## NOTICE OF MOTION AND MOTION FOR
## <u>FINAL APPROVAL OF CLASS ACTION SETTLEMENT</u>

**NOTICE IS HEREBY GIVEN** that on June 25, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 3 of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California 94102, plaintiffs Brandon Price and Charles Adams will and hereby do move the Court for an order:

1.      Certifying the class for purposes of settlement;

2.      Finally approving the proposed class action settlement and plan of distribution;

3.      Finally approving the enhancement award of $25,000.00 to each of the two Class Representatives, named plaintiffs Brandon Price and Charles Adams, in recognition of their service to the class in creating the settlement;

4.      Finally approving the requested claims administration costs in an amount not to exceed $40,000.00; and

5.      Reserving jurisdiction for purposes of supervising the implementation, enforcement, construction and interpretation of the Joint Stipulation of Settlement and Release ("Stipulation of Settlement").

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities included herein, the executed Stipulation of Settlement, this Court's March 19, 2008 Order granting plaintiffs' motion for preliminary approval, the Declarations filed herewith in support of this Motion, all other papers filed in this action, and upon such other documentary and oral evidence or arguments as may be presented to the Court at the hearing of this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Plaintiffs Brandon Price and Charles Adams (collectively, "plaintiffs" or "named plaintiffs"), on behalf of all non-exempt cell site workers who are employed or have been employed by defendant TEKsystems, Inc. ("defendant" or "TEKsystems") in California, seek final approval of the Joint Stipulation of Settlement and Release [1] ("Stipulation of Settlement"), including the payment of reasonable enhancement awards to the named plaintiffs, pursuant to Federal Rule of Civil Procedure 23(e).  The Stipulation of Settlement requires TEKsystems to pay $1.9 million to settle the claims brought by more than 800 cell site workers against TEKsystems. These claims included, among others, claims for uncompensated wages as a result of off-the-clock work, per diem pay, failure to pay overtime, and failure to provide legally required meal and rest periods.  Plaintiffs also alleged on a class basis that the foregoing violated California's Unfair Competition Law ("UCL") (Business & Professions Code §§ 17200 *et seq.*).

On March 19, 2008, the Court provisionally certified a settlement class, preliminarily approved the Stipulation of Settlement, and directed that the Court-approved notice be mailed to the class.  The notice to the class described the terms of the settlement and the right to opt out of the class and/or object to the settlement, and described the procedure for challenging the employment data.  It also informed the class of the date for the final approval hearing.  *See* Order (1) Provisionally Certifying a Settlement Class, (2) Preliminarily Approving Class Settlement, (3) Directing Distribution of Notice of the Settlement, and (4) Setting a Hearing for Final Approval ("Preliminary Approval Order"), entered March 19, 2008.

During the week ending April 4, 2008, the Claims Administrator mailed the Court-approved class notice to 816 class members.  *Declaration of James B. Nebel* ("Nebel Dec."),

---

[1] A copy of this document was filed with the Court on February 4, 2008 as Exhibit A to the Declaration of James B. Nebel in support of plaintiffs' motion for preliminary approval (Document No. 30-2).

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE CALIFORNIA STREET, SUITE 350
SAN FRANCISCO, CALIFORNIA 94111
(415) 693-5566

submitted herewith, Exhibit A[2].  Not a single objection has been filed; two class members opted to exclude themselves from the settlement class.  *Id.*

The applicable standards and evidence supporting final approval of the Stipulation of Settlement were set out in plaintiffs' Motion for Order (1) Provisionally Certifying a Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Directing Distribution of Notice of the Settlement, and (4) Setting a Hearing for Final Approval ("Preliminary Approval Motion")[3]; and the Declarations of Jared E. Peterson ("Peterson Preliminary Approval Dec.")[4] and James B. Nebel ("Nebel Preliminary Approval Dec.")[5] in support thereof, which were filed on February 4, 2008.  Plaintiffs hereby incorporate the evidence, authorities and arguments set forth in the Preliminary Approval Motion by reference.  In summary, the Stipulation of Settlement is fair, reasonable and adequate, and the Court should grant final approval based on its terms, the Preliminary Approval Order, and the overwhelmingly positive response by the class members to the settlement.

## II.   TERMS OF THE SETTLEMENT AGREEMENT

The Stipulation of Settlement resolves all of plaintiffs and class members' claims against defendant as alleged in the complaint.  Specifically, the Stipulation of Settlement provides that:

1.   TEKsystems will pay $1,900,000 in settlement of all of the claims alleged in the complaint.  Each class member will receive his or her pro rata share of the settlement based on the number of weeks worked for TEKsystems during the class period, after deductions of payments

[2] The Preliminary Approval Order requires the Claims Administrator's declaration re due diligence and proof of mailing of class notice be submitted to the Court by June 13, 2008.  Thus, the information regarding the notices mailed to the class members is based on Claims Administrator Rust Consulting, Inc.'s latest report dated as of May 26, 2008 (the "Rust Report"), a true and correct copy of which is attached as Exhibit A to the Nebel Dec. submitted herewith.

[3] Plaintiffs' Preliminary Approval Motion was filed with this Court on February 4, 2008 (Document No. 28).

[4] The Peterson Preliminary Approval Dec. was filed with this Court on February 4, 2008 (Document No. 29).

[5] The Nebel Preliminary Approval Dec. was filed with this Court on February 4, 2008 (Document No. 30).

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE CALIFORNIA STREET, SUITE 350
SAN FRANCISCO, CALIFORNIA 94111
(415) 693-5566

for attorneys' fees and costs, an enhancement award to each of the two named plaintiffs, and the costs of claims administration.

2.      TEKsystems will separately pay the employer's share of the payroll taxes on the wages portion of the individual settlement awards, which will not be deducted from the settlement fund.

## III.   THE NOTICE PROCEDURES REQUIRED BY THE PRELIMINARY APPROVAL ORDER HAVE BEEN COMPLETED, THE RESULTS OF WHICH INDICATE THAT THE CLASS MEMBERS OVERWHELMINGLY SUPPORT THE CLASS SETTLEMENT

On March 19, 2008, the Court preliminarily approved the settlement based on the terms of the Stipulation of Settlement. That document sets forth the requested attorneys' fees, costs and expenses, and the requested enhancement award to each of the named plaintiffs. In its Preliminary Approval Order, the Court found that the proposed Notice of Settlement of Class Action Lawsuit and Opportunity to Opt Out or Object to Settlement ("Notice of Settlement") – which, among other topics, advised class members of the terms of the proposed settlement, the process available to class members to opt out or object to the settlement, and their right to appear at the final approval hearing, and provided notice of plaintiffs' attorneys' fees motion – met the requirements of due process and provided the best notice practicable under the circumstances. Preliminary Approval Order, ¶ 4. The Court further adopted the notice procedures specified in the Stipulation of Settlement, which were outlined in the Preliminary Approval Motion, and ordered that they be implemented. *Id.*

The procedures for disseminating notice to class members, which were established by the Court's March 19, 2008 Preliminary Approval Order, have been fully and properly executed by the Claims Administrator. *Nebel Dec.,* ¶¶ 9 and 10. Shortly after March 19, 2008, TEKsystems provided the Claims Administrator, Rust Consulting, Inc., with names, most current addresses, telephone numbers, social security numbers, and the relevant employment data, for each class member. *Id.,* ¶ 9. The Claims Administrator used this data to calculate each class member's estimated settlement share. Each class member's Computation of Settlement Share Form ("Share Form") provided the number of weeks worked during the class period and an estimate of the class

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE CALIFORNIA STREET, SUITE 350
SAN FRANCISCO, CALIFORNIA 94111
(415) 693-5566

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE CALIFORNIA STREET, SUITE 350
SAN FRANCISCO, CALIFORNIA 94111
(415) 693-5566

member's share of the settlement.  Class members could challenge and seek correction of the data regarding the number of weeks they worked as a cell site worker during the class period, with all challenges to be determined by the Claims Administrator, based upon TEKsystems' records and any information class members provided.  *See* Share Form (attached as Exhibit B to the Preliminary Approval Order) (Document No. 37); *Nebel Dec.,* ¶ 11.  The Claims Administrator also used a national database to update each class member's mailing address before mailing the Notice of Settlement and Share Form.

In compliance with the Preliminary Approval Order, on April 1, 2008, the Claims Administrator sent by first class mail the Notice of Settlement[6] and Share Form[7] (collectively, the "Notice Packet") to 816 class members at their last known addresses.  Thereafter, an additional 13 Notice Packets were mailed by the Claims Administrator to class members who requested participation in the class after TEKsystems determined that they should have been included in the class.  Of the Notice Packets mailed, 102 Notice Packets were initially returned as undeliverable. *Nebel Dec.,* Exhibit A.  The Claims Administrator conducted a search and located new addresses for 74 of the 102 individuals and re-mailed their Notice Packets to them.  *Id.*  As of the present time, there are only 26 class members for whom the Claims Administrator could not locate a correct address and who therefore have not received a Notice Packet.  *Id.*  Thus, a very high

---

[6] The Notice of Settlement advised the class members about the terms of the settlement, including the total amount of the settlement fund and the requests for a participation award to each of the two named plaintiffs/class representatives, attorneys' fees and costs to Class Counsel, and settlement administration fees to the Claims Administrator.  This notice also advised the class members that they do not need to do anything if they want to participate in the settlement.  It also informed them of their rights to opt out and/or object to the settlement, how to challenge the employment data if they believed it was incorrect, to be represented by other counsel, and to attend the fairness hearing.  In addition, the notice provided instructions regarding the procedures and dates for exercising these rights.  It also informed the class members about how his/her share of the settlement fund will be calculated.  In addition, the Notice of Settlement informed the class members that if they do not opt-out, they will be bound by the terms of the settlement agreement.

[7] The Share Form advised each class member of the weeks he or she worked during the class period as reflected in TEKsystems' records.  It also instructed class members how to challenge such data if they believed it was incorrect and informed them of the deadline for returning the Share Form to challenge such employment data.

---

percentage – nearly 97% -- of the class members received a Notice Packet and will receive a Settlement Award. *Id.,* ¶ 10.

The Notice of Settlement and the Share Form that were approved by the Court and mailed to the class listed a toll-free telephone number for class members to reach the Claims Administrator with questions about the settlement. *Id.,* ¶ 14.  The postmark deadlines for class members to challenge the weeks worked data and to opt out of or object to the settlement were May 16, 2008 and May 23, 2008, respectively. *See Preliminary Approval Order,* ¶¶ 12.c. and 12.d.  Not a single class member submitted a written objection to any of the terms of the settlement, including the amount of plaintiffs' attorneys' fee request and the amount of named plaintiffs' enhancement awards. *Nebel Dec.,* ¶ 12 and Exhibit A.

Class members were not required to do anything to be eligible to receive a Settlement Award.  This is a pure opt-out case.  If 100% of the class were to receive a Settlement Award, each class member would receive an average of $26.60 for each week worked during the Class Period.  Individual settlement amounts would range from approximately $26.60 for one week of work to approximately $12,262.60 for 461 weeks of work. *Id.,* ¶ 7.c.

## IV. THE SETTLEMENT, WHICH WAS PRELMINARILY APPROVED BY THE COURT AND OVERWHELMINGLY APPROVED BY THE CLASS, IS FAIR, ADEQUATE AND REASONABLE, AND SHOULD BE FINALLY APPROVED

Plaintiffs request that this Court take the last step in the settlement approval process, certifying the settlement class and granting final approval of the proposed settlement, pursuant to Federal Rule of Civil Procedure 23(e), for the following reasons.

### A.   The Court should finally certify the settlement class

On March 19, 2008, the Court provisionally certified the proposed settlement class consisting of all non-exempt cell site personnel who worked for TEKsystems in California at any time from July 18, 2002 through December 31, 2007.  Final certification of the proposed settlement class is appropriate under the Federal Rules of Civil Procedure pursuant to *Hanlon v.*

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE CALIFORNIA STREET, SUITE 350
SAN FRANCISCO, CALIFORNIA 94111
(415) 693-5566

1  *Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (applying *Amchem Prods., Inc. v. Windsor*,

2  521 U.S. 591 (1997)).

3      Under FRCP 23(a), a settlement class must meet four requirements: (1) numerosity; (2)

4  commonality; (3) typicality; and (4) adequacy of representation. These standards are met here.

5  First, the numerosity requirement is met because the proposed class consists of more than 800

6  people who worked for TEKsystems in California as non-exempt cell site personnel for

7  TEKsystems' clients during the liability period. Second, the commonality requirement is met

8  because the proposed class members' claims all stem from the same sources; i.e., they did not

9  receive overtime wages; did not receive compensation for unrecorded time; and did not receive

10  pay in lieu of unpaid or untaken meal and rest periods, among other things. They also seek similar

11  legal remedies. Third, the typicality requirement is met because class representatives and class

12  members claim that TEKsystems did not pay overtime wages, compensation for unrecorded time,

13  and pay in lieu of unpaid or untaken meal and rest periods; failed to maintain or furnish employees

14  with proper wage records; failed to timely pay all wages upon discharge; and engaged in unfair

15  competition under Business and Professions Code § 17200, *et seq*. Finally, the class members are

16  adequately represented because named plaintiffs and their counsel did not have any conflicts of

17  interest with other class members and class counsel prosecuted the case vigorously on behalf of

18  the class. *Hanlon*, 150 F.3d at 1020.

19      Additionally, the settlement is "narrowly circumscribed", and any class member who

20  wishes to "opt out" of the settlement may do so. *Id.* Likewise, named plaintiffs and their counsel

21  engaged in a long day of arms-length mediation with defendant, and continuing discussions after

22  the mediation, before agreeing upon this settlement. Plaintiffs' counsel's prosecution of this case

23  has been sufficiently vigorous to meet the requirement of Rule 23(a)(4). *Id.* Under the foregoing

24  circumstances, the requirements of Rule 23(a) are met with respect to the proposed settlement

25  class.

26      The requirements of FRCP 23(a)(3), which allow class certification where common

27  questions of law and fact predominate over individual questions and class treatment is superior to

28  individual litigation, have also been met. When assessing predominance and superiority, the

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE CALIFORNIA STREET, SUITE 350
SAN FRANCISCO, CALIFORNIA 94111
(415) 693-5566

1    Court may consider that the class will be certified for settlement purposes only, and that a showing

2    of manageability of trial is not required. *Amchem,* 521 U.S. at 618-620. Plaintiffs and all class

3    members seek overtime pay under California law for work performed as non-exempt cell site

4    workers for TEKsystems' clients, as well as compensation for unpaid unrecorded time and pay in

5    lieu of unpaid or untaken meal and rest periods, damages for failure to maintain or furnish proper

6    wage records, and failure to timely pay all wages upon discharge. Furthermore, class resolution is

7    superior to other available methods for the fair and efficient adjudication of the controversy.

8    *Hanlon, supra*, 150 F.3d at 1023. The superiority requirement involves a "comparative evaluation

9    of alternative mechanisms of dispute resolution". *Id.* Here, as in *Hanlon*, the alternative methods

10   of resolution are individual claims for a small amount of damages. *Id.* These claims would prove

11   uneconomical for potential plaintiffs because litigation costs could dwarf potential recovery; for

12   this additional reason, "a class action is the clearly preferred procedure in this case." *Id.*

13        Therefore, certification of the proposed settlement class is appropriate under Federal Rules

14   of Civil Procedure 23 (a) and 23(b)(3).

15   **B.     Following well-established legal principles, the Court should grant
         final approval to the settlement**

16

17        **1.     Standard of review by the Court**

18        A class action may be dismissed, compromised or settled with approval of the Court.

19   Fed.R.Civ.P. 23(e). The decision to approve or reject a proposed settlement is committed to the

20   sound discretion of the Court. *Hanlon,* 150 F.3d at 1026. The Court's final evaluation of the

21   proposed Settlement Agreement is to determine whether it is fair, reasonable and adequate. *Id.* at

22   1026; *accord, Manual for Complex Litigation* (4th Ed. 2004) (hereinafter "Manual"), § 21.61 at

23   308 ("[T]he judge must determine that the settlement terms are fair, adequate and reasonable"). A

24   settlement is fair, adequate and reasonable, and therefore merits final approval, when "the interests

25   of the class are better served by the settlement than by further litigation." *Manual*, § 21.61 at 309.

26   The law favors settlement, particularly in class actions and other complex cases where substantial

27   resources can be conserved by avoiding the time, cost and rigors of formal litigation. *Class*

28

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE CALIFORNIA STREET, SUITE 350
SAN FRANCISCO, CALIFORNIA 94111
(415) 693-5566

1   *Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *Newberg on Class Actions*, §

2   11.41 (4th Ed. 2002) (and cases cited therein).

3         The Court possesses broad discretion in determining that a proposed class action

4   settlement is fair. *Officers for Justice v. Civil Serv. Comm'n. of the City and County of San*

5   *Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). However, the Court's "intrusion upon what is

6   otherwise a private consensual agreement negotiated between the parties to a lawsuit must be

7   limited to the extent necessary to reach a reasoned judgment that the agreement is not the product

8   of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement,

9   taken as a whole, is fair, reasonable and adequate to all concerned." *Id.* Moreover, the Court

10  does not have the ability to modify the settlement agreement, which must stand or fall in its

11  entirety. *Hanlon,* 150 F.3d at 1026, *citing Officers for Justice,* 688 F.2d at 628; *Manual*, § 21.61

12  at 309 ("The judicial role in reviewing a proposed settlement is critical, but limited to approving

13  the proposed settlement, disapproving it, or imposing conditions on it. The judge cannot rewrite

14  the agreement.").

15         **2.         The settlement is presumed to be fair**

16         The Court should begin its analysis with the presumption that the settlement is fair and

17  should be approved. There is a presumption of fairness where "(1) the settlement is reached

18  through arm's length bargaining; (2) investigation and discovery are sufficient to allow counsel

19  and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the

20  percentage of objectors is small." *Dunk v. Ford Motor Co.*, 48 Cal.App.4[th] 1794, 1802 (1996);

21  *accord, Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980); *Newberg*, § 11.41.

22  This standard is met here. The Stipulation of Settlement followed months of investigation,

23  including interviewing a large number of potential class members; and production of over 28,000

24  pages of documents by defendant relating to the claims asserted on behalf of the putative class,

25  including employment contracts, daily time sheets, payroll records and related documents.

26  TEKsystems also produced the personnel files of the named plaintiffs, and deposed the two named

27  plaintiffs. Plaintiffs' counsel performed a thorough review and analysis of all the information and

28  documents produced by defendant, including a comprehensive analysis of the facts and legal

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE CALIFORNIA STREET, SUITE 350
SAN FRANCISCO, CALIFORNIA 94111
(415) 693-5566

**FLYNN, DELICH & WISE LLP**
ATTORNEYS AT LAW
ONE CALIFORNIA STREET, SUITE 350
SAN FRANCISCO, CALIFORNIA 94111
(415) 693-5566

1   issues in the case. *Nebel Preliminary Approval Dec.,* ¶ 9; *Peterson Preliminary Approval Dec.,* ¶

2   11. The settlement reached between the parties was the product of arms' length negotiations

3   between attorneys experienced in wage and hour class actions, who carefully analyzed voluminous

4   documents and factual information, ultimately resulting in resolution with the assistance of an

5   experienced mediator. *Nebel Preliminary Approval Dec.,* ¶ 10; *Peterson Preliminary Approval*

6   *Dec.,* ¶ 12.

7   　　　Finally, the response of the class to the notice supports approval of the settlement. None of

8   the members filed any objections to the settlement. *Nebel Dec.,* ¶ 12. Only two class members

9   timely opted out of the settlement. *Id.,* ¶ 13. One did not want to receive any money from the

10  settlement, and the other stated that he should not have been included in the class because he did

11  not work as a "cell site worker". Neither objected to the terms of the settlement, however. The

12  Court may appropriately infer that a class action settlement is fair, adequate and reasonable when,

13  among other reasons, few class members object to it. *City of Seattle,* 955 F.2d at 1291. The

14  Court thus should construe the lack of any expressed opposition to the settlement by the class, and

15  the very low rate of exclusion requests, as a strong indication that class members themselves view

16  the settlement as fair, adequate and reasonable. A presumption of fairness thus exists here.

17  　　　　**3.   The value of the settlement favors final approval.**

18  　　　One of the factors the Court should assess to determine whether the settlement is fair,

19  reasonable and adequate is the amount offered in settlement. *Hanlon, supra*, 150 F.3d at 1026.

20  This factor weighs in favor of final approval here. The $1,900,000 settlement fund provides

21  compensation to the class members; attorneys' fees and costs; the costs of claims administration;

22  and a participation payment to each of the two named plaintiffs, who contributed their time and

23  effort for the ultimate substantial benefit of the absent class members. *Stipulation of Settlement,* ¶

24  24.a. TEKsystems also agreed to pay any applicable state and federal employer payroll taxes on

25  the back pay portion of the individual settlement awards, which will not be deducted from the

26  settlement fund. *Id.*

27  　　　The settlement fund is significant in terms of defendant's total damages exposure, even

28  assuming that plaintiffs would have prevailed on all class certification and liability issues.

---

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE CALIFORNIA STREET, SUITE 350
SAN FRANCISCO, CALIFORNIA 94111
(415) 693-5566

1      Finally, no class members have objected to the amount of the recovery, which was

2   disclosed to the class members in the class notice and preliminarily approved by this Court. *Nebel*

3   *Dec.,* ¶ 12 and Exhibit A; *Preliminary Approval Order,* ¶ 3 and Exhibit "A" at 3 thereto.  For all

4   of these reasons, the Court should find that the value of the settlement weighs in favor of final

5   approval.

6          **4.      The risks inherent in continued litigation against**
                  **defendant favor final approval**
7

8      The Court must balance the immediacy and certainty of substantial settlement proceeds

9   against the risks inherent in continued litigation to assess the fairness, adequacy and

10  reasonableness of a class action settlement.  *Hanlon, supra,* 150 F.3d at 1026 (among the factors

11  the court should balance are the risk of further litigation, including that of maintaining class action

12  status through trial, and the amount offered in settlement); *Manual,*  § 21.62 at 316 (this analysis

13  involves consideration of "the advantages of the proposed settlement versus the probable outcome

14  of the trial, … [and] the probability that the class claims, issues, or defenses could be maintained

15  through trial on a class basis. …").

16     This factor supports final approval because the Stipulation of Settlement affords the class

17  members prompt, significant relief, while avoiding risks that may have prevented the class from

18  obtaining any recovery at all.  These risks include prevailing on class certification in a case that

19  includes allegations that defendant discouraged and prevented its workers from fully recording

20  their time resulting in an off-the-clock unpaid wage claim, and the vigorous challenges to class

21  members' estimates of their overtime and/or off-the-clock hours worked.  In addition, plaintiffs

22  alleged that they did not take meal or rest breaks because they were not allowed to leave the work

23  site until they had completed their job during the "maintenance period" and were not accorded any

24  compensation for such missed meal/rest periods.  While this case was pending, the California

25  Supreme Court decided that the "one additional hour of pay" provided for in California Labor

26  Code § 226.7 for an employer's failure to provide a meal or rest break is a wage subject to a three

27  year statute of limitations. *Murphy v. Kenneth Cole Productions, Inc.,* 40 Cal.4[th] 1094 (2007).

28  That development was favorable to the putative class here.  There were, however, substantial

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER GRANTING FINAL APPROVAL OF CLASS
ACTION SETTLEMENT
*Price, et al. v. TEKsystems, Inc., et al.; Case No. C 06 04990 PJH*

uncertainties. For example, the California Division of Labor Standards Enforcement has taken the position that employers are liable if the employee does not actually take a timely meal period. Similarly, a judge of this Court has held that "an employer must do something affirmative to provide a meal period, and may not merely assume such breaks are taken." *Perez v. Safety-Kleen Sys.,* 2007 U.S. Dist. LEXIS 48308 (N.D. Cal. June 27, 2007). But, subsequently, another judge of this Court held that an employer meets its obligation if it makes meal breaks available to employees regardless of whether the employees actually take them. *White v. Starbucks,* 497 F. Supp.2d 1080 (N.D. Cal. 2007).

Thus, the unsettled nature of the law and the possibility of non-certification present edsignificant risks that plaintiffs avoided by settling with defendant. Because the Stipulation of Settlement provides immediate and significant relief, without the attendant risks and delay of continued litigation or the possibility of adverse decisions on the unsettled legal issues, it warrants this Court's approval.

### 5.   The complexity, expense, and likely duration of continued litigation against defendant favor final approval

Another factor considered by courts in approving a settlement is the complexity, expense and likely duration of the litigation. *Hanlon,* 150 F.3d at 1026; *Manual,* § 21.62 at 316. The policy that favors settlements of class actions and other complex cases applies with particular force in this case. Wage and hour class action cases are expensive and time consuming to prosecute. Thus economies of time, effort and expense will be achieved by this settlement. The alternative to a class action – individual litigation for 829 workers – would tax private and judicial resources over a period of years. Given the relatively modest amount of damages each class member has incurred, individual litigation would be uneconomical even for those with the finances, sophistication, and tenacity to secure individual legal representation. The Stipulation of Settlement, on the other hand, provides to all class members, regardless of their means, relief in a prompt and efficient manner. Were the Court to deny final settlement approval, the class members would be left without a remedy as a practical matter and courts throughout California would have

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE CALIFORNIA STREET, SUITE 350
SAN FRANCISCO, CALIFORNIA 94111
(415) 693-5566

1   to address the issues presented here in a piecemeal, costly and time-consuming manner.  The

2   Stipulation of Settlement in this case is therefore consistent with the "overriding public interest in

3   settling and quieting litigation" that is "particularly true in class action suits".  *Van Bronkhorst v.*

4   *Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); 4 *Newberg* § 11.41 (citing cases).

5   <center>**6.    The experience and views of counsel favor final approval**</center>

6   Finally, the Court should consider the experience and views of Class Counsel in assessing

7   the proposed settlement.  *Hanlon,* 150 F.3d at 1026.  Qualified and well-informed counsel's

8   endorsement of a settlement as fair, reasonable and adequate is entitled to be given weight.

9   *Officers for Justice,* 688 F.2d at 625.  Class Counsel supports the settlement as fair, reasonable

10  and adequate, and in the best interest of the class as a whole.  *Nebel Dec.,* ¶ 18; *Nebel Preliminary*

11  *Approval Dec.,* ¶ 11; *Peterson Preliminary Approval Dec.,* ¶ 13.  Class Counsel believe this

12  settlement to be an excellent result for the class.  *Nebel Dec.,* ¶ 25.

13  **C.    The payment of $25,000.00 to each of the class representatives
          for their service to the class is fair and reasonable**

15  Named plaintiffs in class action litigation are eligible for reasonable participation or

16  enhancement payments.  *Staton v. Boeing Co.,* 327 F.3d 938, 977 (9th Cir. 2003).  Such awards to

17  named plaintiffs are justified on the basis that class representatives take on the onerous burdens,

18  responsibilities and risks of litigation and perform services that are not required of class members,

19  yet class members receive the benefit of those risks and services.  *Huguley v. Gen. Motors Corp.,*

20  128 F.R.D. 81, 85 (E.D. Mich. 1989) ("[n]amed plaintiffs and witnesses are entitled to more

21  consideration than class members generally because of the onerous burden of litigation that they

22  have borne"); *Ingram v. The Coca-Cola Co.,* 200 F.R.D. 685, 694 (N.D. Ga. 2001) ("[c]ourts

23  routinely approve incentive awards to compensate named plaintiffs for the services they provided

24  and the risks they incurred during the course of the class action litigation").

25  In this case, the Class Representatives performed important services for the benefit of the

26  class:  they explained the cell site telecommunications industry; they provided information

27  regarding the detail of their job duties, the nature of their work, the hours that they worked,

28  defendant's time-recording practices and procedures, and how they were paid in lengthy

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE CALIFORNIA STREET, SUITE 350
SAN FRANCISCO, CALIFORNIA 94111
(415) 693-5566

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE CALIFORNIA STREET, SUITE 350
SAN FRANCISCO, CALIFORNIA 94111
(415) 693-5566

1  interviews; they produced relevant documents; they identified and referred multiple witnesses to

2  Class Counsel to interview and to ascertain the facts; they responded to counsel's numerous

3  inquiries; worked cooperatively with plaintiffs' counsel throughout the case; and acted as the

4  "public face" of this litigation by volunteering to proceed as named plaintiffs.  Each of the named

5  plaintiffs spent time assisting their attorneys in investigating and evaluating the class claims and

6  preparing the case for litigation and mediation, and spent many hours with counsel preparing for

7  their depositions.  *Declaration of Jared E. Peterson ("Peterson Dec."),* ¶ 4, submitted herewith.

8  Moreover, each of the plaintiffs put their names on a complaint against TEKsystems, a company

9  that provides cell site workers to telecommunication companies (e.g., T-Mobile and Cingular) and

10  their equipment suppliers (e.g., Nokia and Ericsson) in installing and upgrading "cell sites." In so

11  doing, they risked the possibility of being "black-balled" in the California cell site

12  telecommunications industry.  *Declaration of Charles Adams* ("Adams Dec."), ¶ 7; *Declaration of*

13  *Brandon Price* ("Price Dec."), ¶ 5.  The named plaintiffs still work in the same industry as cell site

14  workers and their employment opportunities have already been adversely affected.  *Adams Dec.,*

15  ¶¶ 6, 7, 9; *Price Dec.,* ¶¶ 3, 5.  They now bear whatever consequences that may arise as a result of

16  their public involvement in litigation of this nature, while the other class members are able to

17  participate in the settlement with relative anonymity.  *Peterson Dec.,* ¶¶ 5 and 6.

18       The payment of $25,000 to each of the two Class Representatives, for a total of $50,000 or

19  about 2.63% of the total settlement fund, is appropriate and justified in view of the overall

20  settlement.  *Glass v. UBS Financial Services, Inc.,* 2007 WL 221862  at *17 (N.D. Cal. 2007)

21  (approving $25,000 service payments); *Coca-Cola*  (incentive awards of $300,000 to each named

22  plaintiff approved); *Van Vranken v. Atl. Richfield Co.,* 901 F.Supp. 294 (N.D. Cal. 1995) ($50,000

23  participation award approved).  There were no objections to these participation payments, which

24  were disclosed to the class members in the class notice.  *Nebel Dec.,* ¶ 12.  Defendant TEKsystems

25  also does not oppose such payment to the class representatives.  *Stipulation of Settlement,* ¶ 26.a.

26  They should be approved.

27  ////

28  ////

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE CALIFORNIA STREET, SUITE 350
SAN FRANCISCO, CALIFORNIA 94111
(415) 693-5566

**D.     The Court should finally approve the payment of reasonable costs to the Claims Administrator**

On March 19, 2008, this Court preliminarily approved an amount not to exceed $40,000 for the costs of administration. *Preliminary Approval Order,* ¶ 8. While work remains to be done in this action, the Claims Administrator (Rust Consulting, Inc.) has fulfilled its Court-mandated duty to send to all putative class members the Notice Packet, to update addresses, and to review challenges to employment data. The Claims Administrator has also expended additional time and costs answering numerous telephone inquiries from class members and resolving claims submitted by potential class members who were not identified by defendant as part of the settlement class. At this time it is estimated that the costs of settlement administration will not exceed $40,000.

The costs of settlement administration reflect the enormous amount of work required to properly administer a plan of allocation involving 829 putative class members. In addition to mailing out the Notice Packets and related documents to this large class, the Claims Administrator is responsible for receiving, tracking and reporting opt-out forms and resolving disputes. The Claims Administrator is also fielding calls from class members who have questions about the claims process and from potential class members who were not identified by defendant as part of the settlement class.

Furthermore, the Claims Administrator is responsible for accurately calculating each class member's share of the net settlement fund. *Stipulation of Settlement,* ¶¶ 36.d. and 48. And, if the settlement checks were not negotiated within 120 days of mailing, such checks will be voided and the Claims Administrator will again be responsible for calculating the remaining uncashed amount for each class members who negotiated their settlement checks within the 120 day period. *Stipulation of Settlement,* ¶ 52 (time to negotiate the checks extended to 120 days per Court's order). Given the size of the class, the Claims Administrator will be responsible for accurately performing thousands of calculations.

In light of the work that has been done, and remains to be done, plaintiffs request that the Court finally approve the payment of reasonable costs incurred by Rust Consulting in an amount not to exceed $40,000 to be paid from the Settlement Fund.

**V.    CONCLUSION**

For all of the foregoing reasons, plaintiffs respectfully request that the Court:

(1)    Grant final approval of the proposed class action settlement and plan of distribution;

(2)    Certify the class;

(3)    Order the payments to the class members, who have not opted out or requested exclusion from the settlement class, of their pro rata shares of the settlement fund after deductions for named plaintiffs' participation awards, attorneys' fees and costs, and costs of claims administration;

(4)    Enter a final judgment consistent with the terms of the settlement;

(5)    Approve the service or participation payment of $25,000 to each of the two named plaintiffs/class representatives, Brandon Price and Charles Adams;

(6)    Approve the payment of reasonable costs to the Claims Administrator, Rust Consulting, Inc., not to exceed $40,000; and

(7)    Reserve exclusive and continuing jurisdiction for purposes of supervising the implementation, enforcement, construction and interpretation of the Stipulation of Settlement.

Dated:  May 30, 2008                              Respectfully submitted,

LAW OFFICES OF JARED E. PETERSON
FLYNN, DELICH & WISE LLP


By:  /s/ James B. Nebel
_____
James B. Nebel
Attorneys for Plaintiffs,
BRANDON PRICE and CHARLES ADAMS

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE CALIFORNIA STREET, SUITE 350
SAN FRANCISCO, CALIFORNIA 94111
(415) 693-5666