UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON PRICE, et al.,<br>　　　　Plaintiffs,<br>　　v.<br>TEKSYSTEMS INC.,<br>　　　　Defendant. | Case No. 06-cv-4990-PJH<br><br>**ORDER RE STIPULATED APPLICATION FOR DISTRIBUTION OF RESIDUAL SETTLEMENT FUNDS** |

　　　　Before the court is the parties' stipulated application for distribution of residual settlement funds. In the stipulation, the parties explain that the funds from a class action settlement have been distributed to the class members, but that a number of the settlement checks went uncashed. The parties further explain that the settlement administrator made a request to the Internal Revenue Service for the return of the employer and employee share of taxes from those uncashed checks. The settlement administrator received a tax refund of $16,365.28; of which $3,138.35 represents the employer's share of the tax refund, and $13,206.93 represents the class members' share of the tax refund. The employer's share has been distributed to the employer, but the parties argue that distributing the class members' share to the class members would not be cost-effective, as approximately $5,000 of the $13,206.93 would be needed for administration costs. As a result, the parties request that the class members' share of the refund be distributed to a charitable organization, namely, the Pat Tillman Foundation.

　　　　The parties have not provided enough information for the court to approve their

request.  First, while the parties explain that the tax refund is the result of tax overpayments from uncashed checks, they have not explained what became of the funds from the uncashed checks themselves.

Second, and more importantly, the parties essentially seek a cy pres distribution of the tax refund without addressing the relevant legal standard in this circuit.  Under Dennis v. Kellogg Co., "[n]ot just any worthy recipient can qualify as an appropriate cy pres beneficiary."  697 F.3d 858, 865 (9th Cir. 2012).  Instead, the parties must show that there is a "driving nexus between the plaintiff class and the cy pres beneficiaries."  Id.

The parties are directed to file a supplemental brief addressing these concerns.  Specifically, the parties must explain (1) what happened to the proceeds from the uncashed checks, and (2) whether there is a driving nexus between the plaintiff class and the requested cy pres beneficiary.  The supplemental brief must not exceed five pages, and must be filed by **February 10, 2016**.

**IT IS SO ORDERED.**

Dated:  February 3, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge